

1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

11

12   DR. MANOHAR SHINDE, an Individual;
RAMESH BHUTADA, Individually, and
13   as Trustee of the BHUTADA FAMILY
FOUNDATION; BHUTADA FAMILY
14   FOUNDATION; SIVA TAYI, an
Individual; DR. BALA BHAT, an
15   Individual; DR. NEIL CARMAN, an
Individual; and HITEN DALAL, an
16   Individual;

17                    Plaintiffs,
                vs.
18

19   NITHYANANDA FOUNDATION, an
Oklahoma Corporation; LIFE BLISS
20   FOUNDATION, INC., a California
Corporation; NITHYANANDA
DHYANAPEETAM TEMPLE &
21   CULTURAL CENTER, a California
Corporation; DHYANAPEETAM
22   CHARITABLE TRUST, a business entity
form unknown; MR. NITHYANANDA,
23   an Individual (aka Swami); SIVA
VALLABHANENI, an Individual;
24   GOPAL SHEELUM, an Individual; and
DOES 1 through 10.
25
                  Defendants.
26

Case No. 5:13-cv-00363-JGB (SPX)

Judge: Hon. Sheri Pym
Courtroom: 3 or 4

**DISCOVERY MATTER**

**PROTECTIVE ORDER RE
CONFIDENTIALITY OF DISCOVERY
MATERIALS**

27
28

1

**ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS**

Having reviewed the parties' revised proposed Protective Order Re Confidentiality of Discovery Materials, and good cause being shown, the Court issues the following Protective Order:

1.     The following procedure shall govern the production of any documents produced in this action by any Party (the word "Party" or "Parties" is used herein to refer to Plaintiffs, Defendants, and any other party who later appears in this action and becomes bound by the terms of this Protective Order) that are designated as "CONFIDENTIAL" pursuant to this Protective Order, including all copies, excerpts, summaries, and information derived from them (collectively, "Confidential Documents").

2.     Information or documents may be designated as "CONFIDENTIAL" provided that the designating party believes in good faith that they qualify for protection under Federal Rule of Civil Procedure 26(c) and contain confidential or proprietary information that has been maintained in a confidential and nonpublic manner. Any party or non-party may designate any information or items that it produces in disclosures or discovery responses as "CONFIDENTIAL." Each party or non-party that designates information or items for protection under this order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order. Mass, indiscriminate, or routinized designations are prohibited.

Any Party or non-party may challenge a "CONFIDENTIAL" designation; any such challenge shall comply with the meet and confer requirements and other provisions of Local Rule 37; and the party designating the material as "CONFIDENTIAL" bears the burden of persuasion.

**ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS**

3.      Confidential Documents may not be disclosed except as set forth in paragraph 4 below. Confidential Documents shall be used solely for the purposes of this litigation and shall not be used for any business or other purpose. The restrictions on use of Confidential Documents set forth in this Protective Order shall survive the conclusion of this litigation, and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Protective Order.

4.      Confidential Documents may be disclosed only to the following:

a.      Any attorney acting as counsel of record in this action, or retained or employed by any of the Parties, including in-house counsel of any Party;

b.      Paralegal, stenographic, clerical, secretarial personnel and outside copying services regularly employed by counsel listed in (a) above;

c.      Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action; and

d.      Any consultant or expert, not including a Party to this action, retained in connection with this action, provided that each such person first acknowledges in writing, under oath, that he or she has read this Protective Order and agrees to be bound by its terms. This acknowledgment shall be made by execution of the Declaration attached to this Protective Order as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Confidential Documents, and shall be provided to the opposing Party's counsel at the conclusion of this action.

e.      Any Party, any officer, director, employee or former employee of a Party, or to any officer, director, employee or former employee of a parent, subsidiary or affiliate of a Party, disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this action, provided that such individual agrees to maintain the confidentiality of the information disclosed in accordance with the terms of this Protective Order by execution of the attached Exhibit A.

**ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS**

1  f.  Confidential Documents may be shown or disclosed to other witnesses
2  during deposition and/or trial preparation who are authorized to receive such information
3  by the terms of paragraph 4 of this Protective Order, and to other witnesses who agree to
4  maintain the confidentiality of the material in accordance with its terms and who execute
5  the certificate attached as Exhibit A, provided that, if such disclosure is at a deposition,
6  only those persons may be present who are authorized by the terms of this Protective
7  Order to receive the Confidential Documents to be disclosed to the witnesses.

8  g.  Nothing contained in this Protective Order shall preclude any Party at
9  deposition or at trial or in any court proceeding in this matter from showing any
10  Confidential Documents or disclosing information derived therefrom to any witness
11  regardless of whether they have executed the certificate attached as Exhibit A.

12  h.  Confidential Documents may be shown to the person whose confidential
13  information is contained thereon, without requiring that person to execute the declaration
14  attached hereto as Exhibit A, so long as no other Party or individual's "CONFIDENTIAL"
15  information is contained anywhere on the document.

16  5.  Any Party that intends to file with the Court any documents, transcripts of
17  deposition, answers to interrogatories or pleadings setting forth the contents of or
18  attaching Confidential Documents shall comply as necessary with the requirements of and
19  procedure set forth in Local Rules 79-1 and 79-5. All copies of such papers shall be kept
20  in confidence by the other parties as provided in this Protective Order. The designating
21  Party may waive the status of Confidential Documents at any time by electing to file such
22  documents without requiring the document to be sealed.

23  6.  This Protective Order, the facts of its adoption or entry, and any provision of
24  this Protective Order or form attached to this Protective Order, shall not be admissible for
25  any purpose of this litigation, except to the extent necessary to enforce the terms of this
26  Protective Order.

27
28

4

**ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS**

7.     Nothing in this Protective Order shall prevent any expert retained by a Party from communicating a sum/damages figure to a Party.

8.     Nothing in this Protective Order (a) affects, in any way, the use of any documents, testimony, or other evidence marked "confidential" at trial or any court proceeding in this matter, or used at deposition; (b) restricts the use of information obtained from sources other than discovery, motion practice, or voluntary disclosure of information by any Party conducted under the terms of this Protective Order; or (c) prevents disclosure beyond the terms of this Protective Order if the Party designating the Confidential Documents consents to such disclosure, or if the Court orders such disclosure.

9.     Counsel shall immediately notify all other counsel of any inadvertent or unintentional disclosure of Confidential Documents. The inadvertent or unintentional disclosure by the producing Party of Confidential Documents shall not be deemed a waiver, in whole or in part, of the confidential nature of such material, and, if so designated at any time, the Confidential Materials so disclosed shall be governed by, and subject to, the terms of this Protective Order. In the case of such an inadvertent production or disclosure of Confidential Documents, and redesignation thereof by the producing Party, nothing herein shall create liability for the Party receiving such inadvertently disclosed information, so long as the receiving Party takes reasonable steps to retrieve the materials after the producing Party has redesignated them.

10.     Should any person bound hereby receive a subpoena, document request, civil investigation demand, or other process from a third party that may be construed to require disclosure of Confidential Documents in any form, said person shall give notice as soon as possible to the Party who designated the information that is sought.

11.     The procedures set forth herein shall not affect the rights of the Parties to object to discovery on the grounds other than those related to the confidentiality of the documents, nor shall it relieve a Party of the necessity of proper responses or objections to

**ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS**

discovery requests, nor shall it preclude any Party from seeking further relief or protective orders from the Court as may be appropriate.

12.    Within sixty (60) days after the termination of this litigation and the expiration of the time for appeal, all originals and copies of any documents containing Confidential Documents, including documents containing summaries or compilations of Confidential Documents, and all extracts of such documents, shall be returned to the Party who produced such documents or destroyed, unless that Party otherwise agrees in writing. The obligations set forth under this provision are automatic and do not require that the Party who produced such documents first request they be returned or destroyed. This provision does not apply to the Court and imposes no obligation on the Court to alter its chosen procedures for the return or destruction of filed documents.

13.    This Protective Order may only be modified by written agreement of the Parties, subject to the approval of the Court, or by the Court.

IT IS SO ORDERED.


Dated: October 3, 2014                _____/s/_____
                                       Hon. Judge Sheri Pym
                                       United States Magistrate Judge

**ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS**

## <u>EXHIBIT A</u>

### CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, declare that I have read and understand the terms and conditions of the Protective Order Re Confidentiality of Discovery Materials in the matter entitled *Shinde v. Nithyananda Foundation et al.*, United States District Court Case No. 5:13-cv-00363-JGB (SPX), and I consent to be bound by its terms as follows:

(1)     I agree that I will make no further disclosure of Confidential Documents and will personally protect the confidentiality of all documents received from the attorneys who presented this Consent.

(2)     I agree to return all the documents to the firm of the attorneys who presented this Consent to me within 60 days after the conclusion of the litigation, whether by dismissal, final judgment or settlement or, in the alternative, I will during that time destroy all such documents and provide the attorneys with a sworn affidavit to that effect.

I declare under penalty of perjury under all the laws of the United States that the foregoing is true and correct.

This declaration is signed this date of _____ at _____, _____.


_____

Signature


_____

Print Name

**ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS**